that each of the products in question contains materials provided for in said section 701 as follows: Sapamine KWC Pat.—53 percent; Silvatol I—29 percent, the merchandise was held subject to an internal revenue tax of 3 cents per pound under said section to the extent that the weight by quantity of the taxable material bears to the total weight of each of the imported products. Protest sustained to this extent.

No. 49911.—Protest 993954–G of Ciba Co., Inc. (New York).

Opinion by Cole, J. A written stipulation showed that the "Sapamine FL pat." contains only 51 percent of materials provided for in said section 701 and that the "Albatex PO pat." contains no merchandise covered by any of the provisions of the internal revenue laws. In accordance therewith the "Sapamine FL pat." was held subject to a tax of 3 cents per pound under said section 701 to the extent that the weight by quantity of the taxable material (51 percent) bears to the total weight of the imported product. It was also held that the so-called "Albatex PO pat." is not subject to internal revenue tax. Protest sustained to this extent.

No. 49912.—Protest 848621–G of Shun On & Co. (San Francisco).

Opinion by Cole, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by Quong Yuen Shing Co. v. United States (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and therefore excluded from paragraph 5. The protest was sustained to this extent.

No. 49913.—Protests 944006–G, etc., of Sang Wo & Co. et al. (San Francisco).

Opinion by Cole, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by Quong Yuen Shing Co. v. United States (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and therefore excluded from paragraph 5. The protests were sustained to this extent.

No. 49914.—Protest 948959–G of Shun Ying Chong & Co. (San Francisco).

Opinion by COLE, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and therefore excluded from paragraph 5. The protest was sustained to this extent.

BEFORE THE SECOND DIVISION, DECEMBER 27, 1944

**No. 49915.**—Protest 2781–K(b) of O. Yoshizawa Co. (New York).

Opinion by TILSON, J. The record showed that certain items are hats known as harvest hats valued at less than $3 per dozen, similar to those involved in *Caradine Hat Co.* v. *United States* (9 Cust. Ct. 69, C. D. 664). In accordance therewith certain of the items in question were held dutiable at 12½ percent under paragraph 1504(b) (5) and T. D. 48075, as claimed.

**No. 49916.**—Protest 89690–K of Alfred Schade & Co. (St. Louis).

Opinion by TILSON, J. It was stipulated that certain of the merchandise consists of 8-bu. paper hats of the same kind as those involved in *Caradine Hat Co.* v. *United States* (9 Cust. Ct. 69, C. D. 664). In accordance therewith the claim at 25 percent under paragraph 1504(b) (5), as hats known as harvest hats, valued at less than $3 per dozen, was sustained to this extent.

**No. 49917.**—Protest 99367–K of Sprouse-Reitz Co., Inc. (Los Angeles).

Opinion by TILSON, J. The record showed that certain items consist of cotton tomato pincushions similar to those involved in Abstracts 48406 and 49442. In accordance therewith the claim at 40 percent under paragraph 923 was sustained as to these items.

**No. 49918.**—Protests 73676–K, etc., of Armand Schwab & Co., Inc., et al. (New York.)

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 49919.**—Protests 546554–G, etc., of Bates Thompson, Inc., et al. (New York).

Opinion by TILSON, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.